IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN CUNNINGHAM,                    )
                                   )
    Plaintiff,              )
                                   ) No.
    v.                     )
                                   )
CITY OF MILWAUKEE,            )
ANDREW HOLZEM, DAVID       )
PASZKIEWICZ, and other as-yet  )
unknown Milwaukee police    )
officers,                    ) JURY TRIAL DEMANDED
                                   )
    Defendants.            )

## COMPLAINT

NOW COMES Plaintiff, JOHN CUNNINGHAM, and complaining of Defendants, CITY OF MILWAUKEE, ANDREW HOLZEM, DAVID PASZKIEWICZ, and other as-yet unknown Milwaukee police officers, ("Defendant Officers"), states as follows:

### Introduction

1.    This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

### Jurisdiction and Venue

2.    This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331.

3.    Venue is proper under 28 U.S.C. § 1391(b).  On information and belief, all or most of the parties reside in Milwaukee County, and the events giving rise to the claims asserted herein all occurred within this district.

## Parties

4.    Plaintiff John Cunningham is a resident of the City of Milwaukee.

5.    Defendant Officers Andrew Holzem, David Paszkiewicz, and other as-yet unknown Defendant Milwaukee police officers were Milwaukee police officers at all times relevant to this action, acting under color of law and within the scope of their employment as Milwaukee police officers.

6.    The City of Milwaukee is a Wisconsin municipal corporation with its principal place of business in Milwaukee, Wisconsin.

## Facts

7.    John Cunningham is a 61-year old resident of Milwaukee.  He is a former City employee who worked as a lead boilermaker steamfitter for the water filtration plant.

8.    On the evening of November 22, 2011, Mr. Cunningham received a phone call from his partner, Arlene Patterson, telling him that she was having a disagreement with her daughter and asking him to come to her home.

2

9.   When Mr. Cunningham arrived at Ms. Patterson's home, he saw a Milwaukee Police Department squad car and two Milwaukee police officers escorting Ms. Patterson to the car.

10.  Mr. Cunningham exited his vehicle and spoke to the officers.

11.  Without provocation or explanation, Officer Holzem rushed towards Mr. Cunningham and assaulted him.

12.  Although Mr. Cunningham cried out in pain and Officer Holzem proceeded to further injure Mr. Cunningham. Mr. Cunningham did not resist the officers' actions in any way.

13.  Officer Paszkiewicz and other as-yet unidentified Milwaukee police officers observed Officer Holzem's actions and did nothing to intervene.

14.  Mr. Cunningham was escorted to the squad car and taken to the Fifth district police station.

15.  Despite knowing that Mr. Cunningham had committed no crime, Defendant Officers issued a municipal citation to Mr. Cunningham for resisting arrest.

16.  Mr. Cunningham pleaded not guilty and the proceedings were concluded in a manner indicative of his innocence.

## Count I--42 U.S.C. § 1983
## Excessive Force

17.  Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

Case 2:14-cv-00047-CNC   Filed 01/14/14   Page 3 of 12   Document 1

18.  As described in the preceding paragraphs, the conduct of the Defendant Holzem toward Plaintiff constituted excessive force in violation of the United States Constitution.

19.  The misconduct described in this Count was objectively unreasonable and undertaken with malice, willfulness, and reckless indifference to the rights of others.

20.  The misconduct described in this Count was undertaken pursuant to the policy and practice of the City of Milwaukee in that:

> a.  As a matter of both policy and practice, the City of Milwaukee encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise, control and discipline its officers such that its failure to do so manifests deliberate indifference;

> b.  As a matter of both policy and practice, the City of Milwaukee facilitates the very type of misconduct at issue here by failing to adequately investigate, punish, and discipline prior instances of similar misconduct, thereby leading Milwaukee police officers to believe their actions will never be meaningfully scrutinized and, in that way, directly encouraging future abuses such as those Plaintiff complains of;

4

c.    Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Milwaukee Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Milwaukee Police Department investigates officer misconduct and makes findings of wrongdoing in a disproportionately small number of cases;

d.    To illustrate, in an October 27, 2013 Milwaukee Journal Sentinel article, Milwaukee Police Chief Edward Flynn revealed that up until late 2013, the Milwaukee Police Department did not require officers to document the use of force incidents such as instances where officers used "hands-on" force.

e.    According to Chief Flynn, without this information, Milwaukee Police Department supervisors cannot not determine whether specific instances of use of force were reasonable.

f.    Chief Flynn further stated that there were many "critical incidents" where no reports exist, and acknowledged that a wide "gap" existed between the Department's written policies relating to the use of force and the day-to-day practices of the Milwaukee Police Department.

5

g.   The Department's failure to adequately document and investigate misconduct and to control its officers is not limited to instances where officers abuse citizens through the use of excessive force.  In July 2011, Milwaukee police officers ignored the pleas of a young man named Derek Williams as he suffocated to death in the back of a police squad car.  The sergeant in charge at the scene after Williams's death did not write a single report about the death-in-custody.  Moreover, neither officer was disciplined for ignoring the Williams's cries for help, despite video evidence of the same.

h.   The Milwaukee Police Department's failure to investigate police misconduct and to control its officers is further illustrated by its handling of Milwaukee Police Officer Michael Vagnini, who was convicted criminally in 2012 of carrying out illegal body cavity searches of Milwaukee citizens.

i.   In a Milwaukee Journal Sentinel article dated April 21, 2013, Chief Flynn admitted that the Department had been receiving complaints about the unlawful searches for a "couple of years" before it opened its own investigation.  In this way, the Milwaukee Police Department's failure to investigate

and control its officers allowed Officer Vagnini's criminal misconduct against Milwaukee citizens to continue unabated for years.

j.   In fact, the Milwaukee Police Department encouraged Vagnini's conduct by rewarding him with commendations for aggressive police tactics and jobs well done.

k.   Similarly, Milwaukee police officer Ladmarald Cates was convicted criminally for sexually assaulting a Milwaukee citizen in 2010 after she called police to her home for help.  Although the Milwaukee Police Department had notice that Officer Cates was implicated in three prior reported incidents of violence and sexual misconduct against women, the Milwaukee Police Department failed to remove him from the police force or adequately discipline him prior to the 2010 sexual assault.

l.   In a Milwaukee Journal Sentinel article dated February 12, 2011, Chief Flynn acknowledged that Cates's history demonstrated an "obvious pattern" of misconduct that the department "overlooked."

m.   Even when an adequate investigation of police misconduct is conducted, the Milwaukee Police Department ignores results of the investigation.

7

n.    For example, in 2003, Justin Fields was shot in the back by Milwaukee police officer Craig Nawotka. Although a sergeant's investigation of the shooting revealed that the shooting was outside of Department policy, the Department ignored the findings of the investigation.

o.    Furthermore, in 2008, litigation relating to the Fields shooting revealed evidence that the Milwaukee Police Department had a policy of inadequately investigating police misconduct allegations, thereby allowing police officers to engage in excessive force with impunity.

21.   The misconduct described in this Count was undertaken by Defendant Officers within the scope of their employment and under color of law such that their employer, City of Milwaukee, is liable for their actions.

22.   As a result of the City of Milwaukee's policy and practice and the unjustified and unreasonable conduct of the Defendant Officers, Plaintiff has suffered injuries, including emotional distress.

## Count II--42 U.S.C. § 1983
### False Arrest

23.   Each Paragraph of this Complaint is incorporated as if fully stated herein.

Case 2:14-cv-00047-CNC   Filed 01/14/14   Page 8 of 12   Document 1

24. As described above, Defendant Officers falsely arrested and unlawfully detained Plaintiff without justification and without probable cause.

25. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

26. The misconduct described in this Count was undertaken by Defendants within the scope of their employment and under color of law such that their employer, City of Milwaukee, is liable for their actions.

27. The misconduct described in this Count was undertaken pursuant to the custom, policy, and/or practice of the City of Milwaukee, such that Defendant City of Milwaukee is also liable, as described in Paragraph XX.

28. As a result of unjustified and unreasonable conduct of the Defendant Officers, Plaintiff has suffered injuries, including emotional distress.

### Count III--42 U.S.C. § 1983
### Failure to Intervene

29. Each Paragraph of this Complaint is incorporated as if fully stated herein.

30. As described more fully above, one or more of the Defendant Officers had a reasonable opportunity to prevent the violation of

9

Plaintiff's constitutional rights as set forth above had he or she been so inclined, but failed to do so.

31.   The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

32.   The misconduct described in this Count was undertaken by Defendants within the scope of their employment and under color of law such that their employer, City of Milwaukee, is liable for their actions.

33.   The misconduct described in this Count was undertaken pursuant to the custom, policy, and/or practice of the City of Milwaukee, such that Defendant City of Milwaukee is also liable, as described in Paragraph XX.

34.   As a result of the misconduct described in this Count, Plaintiff has suffered damages, including but not limited to emotional distress and anguish.

### Count IV--42 U.S.C. § 1983
### Federal Malicious Prosecution[1]

35. Each paragraph of this Complaint is incorporated as if fully restated herein.

---

[1] Plaintiff recognizes that this Circuit currently holds that malicious prosecution is not actionable under 42 U.S.C. § 1983. Other Courts of Appeals have taken the opposite position. Plaintiff pleads the claim here under the Fourth and Fourteenth Amendments to preserve the issue for reconsideration in the U.S. Court of Appeals for the Seventh Circuit or review in the Supreme Court of the United States.

36. In the manner described above, Defendants individually, jointly, and in conspiracy with one another, as well as under color of law and within the scope of their employment, accused Plaintiff of a municipal violation and exerted influence to initiate, continue, and perpetuate judicial proceedings against Plaintiff without any probable cause for doing so and in spite of the fact that they knew Plaintiff had committed no municipal violation.

37. In so doing, these Defendants caused Plaintiff to be subjected improperly to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury.

38. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice, with reckless indifference to the rights of others.

39. As a result of Defendants' misconduct described in this Count, Plaintiff suffered emotional injuries.

**Indemnification**

40. Each Paragraph of this Complaint is incorporated as if fully stated herein.

41. Wisconsin law, Wisc. Stat. §895.46, requires public entities to pay any tort judgment for damages for which employees are liable within the scope of their employment activities.

11

42. The Defendant Officers are or were employees of the Milwaukee Police Department, who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiff, JOHN CUNNINGHAM, respectfully requests that this Court enter judgment in his favor and against Defendants, CITY OF MILWAUKEE, ANDREW HOLZEM, DAVID PASZKIEWICZ and other as-yet unknown Defendant Milwaukee Police officers, awarding compensatory damages and attorneys' fees, as well as punitive damages against the Defendant Officers, as well as any other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiff, JOHN CUNNINGHAM, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

/s/ Theresa Kleinhaus

Attorneys for Plaintiff

Arthur Loevy                    Robin Shellow
Jon Loevy                       324 West Vine Street
Heather Lewis Donnell           Milwaukee, Wisconsin 53212
Elizabeth Mazur                 (414) 263-4488
Joel Feldman
Theresa Kleinhaus
LOEVY & LOEVY
312 North May, Suite 100
Chicago, IL 60607
(312) 243-5900